THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH H. BATEY, Appellant, *v.* JOHN M. TIERNEY, Justice of the Municipal Court of the City of New York, Second District, Borough of the Bronx, New York City, Respondent.

*New York city — attendant of a District Court in the city of New York which became a Municipal Court by virtue of the Greater New York charter — when his term of office expired — " term" does not apply to an appointive office held at the pleasure of the appointing power.*

A court attendant appointed on January 1, 1892, by a justice of a District Court of the city of New York, which court, on January 1, 1898, under the provisions of the charter of the Greater New York (Chap. 378 of the Laws of 1897), became a Municipal Court of the city of New York, is not included within the provision of section 1373 of that act, to the effect that " the clerks, assistant clerks, stenographers, interpreters and attendants of the District Courts in the city of New York, * * * who shall be in office on the first day of January, eighteen hundred and ninety-eight, shall continue until the expiration of their respective terms in the like capacities as officers of the said Municipal Court," as the word " term," when used with reference to the tenure of an officer, ordinarily refers to a fixed definite time, and does not apply to appointive offices (such as that of the court attendant) held at the pleasure of the appointing power.

The term of office of such court attendant, if it did not expire on December 31, 1897, with the term of office of the justice appointing him, ended on the 31st day of January, 1898, by virtue of section 1384 of said charter as read in connection with section 1373 of that act.

APPEAL by the relator, Joseph H. Batey, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of April, 1898, denying his motion for a writ of peremptory mandamus directing the respondent, John M. Tierney, justice of the Municipal Court of the city of New York, second district, borough of the Bronx, New York city, to recognize the relator as an attendant or officer of the Municipal Court of the city of New York, second district, borough of the Bronx.

The relator, Joseph H. Batey, was, on the 1st day of January, 1892, appointed by William G. McCrea, then a justice of the District Court in the city of New York for the tenth judicial district, one of the court officers or attendants of said court. On the 1st day

of January, 1898, the District Court for the tenth judicial district of the city of New York became, by virtue of the provisions of the Greater New York charter (Laws of 1897, chap. 378), the Municipal Court of the city of New York, second district, borough of the Bronx.

The affidavit of the relator alleges that prior to the 1st day of February, 1898, John M. Tierney, justice of the Municipal Court of the city of New York, second district, borough of the Bronx, informed him that his office would expire on the 1st day of February, 1898, and that he had appointed the relator's successor ; that on the 1st day of February, 1898, the relator presented himself for duty at the said Municipal Court, but that the said justice refused to recognize him as an officer thereof, whereupon the relator instituted the present proceeding.

*James W. Hawes,* for the appellant.

*Theodore Connoly,* for the respondent.

PER CURIAM :

Mr. Justice CHASE in determining this case delivered the following opinion :

" Subject only to the restrictions of the Constitution, the Legislature may abolish an office or shorten or lengthen the term thereof. (*Koch* v. *Mayor,* 152 N. Y. 72.) The Legislature intended by the Greater New York charter to fix the tenure of office of the justices of the District and Justices' Courts in the territory now comprising the city of New York, and also that of all the clerks, assistant clerks, stenographers, interpreters and attendants thereof. The act expressly provides that the justices of the District Court of the City of New York and the justices of the peace in the first, second and third districts of the city of Brooklyn shall continue in office for the remainder of the terms for which they were elected or appointed. It provides for the election of their successors, and also for the appointment of additional justices. Section 1373 expressly provides ' The clerks, assistant clerks, stenographers, interpreters and attendants of the District Courts in the City of New York and of the Justices' Courts of First, Second and Third Districts of the City of Brooklyn who shall be in office on the first day of January, eighteen

hundred and ninety-eight, shall continue until the expiration of their respective terms in the like capacities as officers of the said Municipal Court.' This provision does not include the relator. The word ' term,' when used with reference to the tenure of office, ordinarily refers to a fixed, definite time, and does not apply to appointive offices held at the pleasure of the appointing power. (Am. & Eng. Ency. of Law, vol. 19, page 562K.) It is contended by the corporation counsel that the term of office of the relator expired on the 31st day of December, 1897, with the term of office of the justice appointing him. If the term of office of the relator did not expire on the 31st day of December, 1897, it expired on the 31st day of January, 1898, by virtue of section 1384 of the Greater New York charter, which provides ' until midnight of said 31st day of January, 1898, the District Courts and Justices' Courts, and the justices, clerks, assistant clerks, attendants, stenographers, interpreters and other employees thereof in any and all portions of the territory included within the City of New York, as constituted by this act, shall continue to perform all the duties and exercise all the powers which may be by law imposed on or vested in them on the 31st day of December, 1897.' Section 1373 must be read with section 1384, and reading them together, they say, in substance, that where an officer has a fixed term of office, such officer shall continue in like capacity until the expiration of such fixed term ; but where an officer has no fixed term of office, he continues in office by virtue of section 1384 until the 31st day of January, 1898, and his term of office then expires."

In accordance with the views therein expressed the order appealed from should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., Rumsey, Patterson and Ingraham, JJ.

Order affirmed, with ten dollars costs and disbursements.