(25 Misc. Rep. 215.)

PEOPLE ex rel. JOYCE v. VAN WART.[1]

(Supreme Court, Special Term, Kings County. November, 1898.)

1. JUSTICE'S COURT—ASSISTANT CLERK—GREATER NEW YORK CHARTER—VETERAN SOLDIER.
    The office of clerk of the justice's court of Brooklyn was created by Laws 1888, c. 583, tit. 21, § 14, to continue during the pleasure of the justice, but no office of "assistant clerk" was created thereby. The justices' courts of Brooklyn and the district courts of New York City were consolidated by the Greater New York charter, which for the first time, in so far as the borough of Brooklyn is concerned, created the office of "assistant clerk" to the consolidated and reorganized courts. *Held*, that a veteran appointed under the former law, though referred to as an assistant clerk, did not hold the office of assistant clerk on January 1, 1898, so as to entitle him to such position as created by the new charter.

2. SAME—TERMS OF OFFICE.
    Section 1373 of the Greater New York charter, continuing in office certain officials of the justices' courts of the city of Brooklyn who should be in office on January 1, 1898, until the expiration of their respective "terms," does not apply to one appointed to hold office at the pleasure of the appointing power.

Motion by the people, on relation of John J. Joyce, against Gerard B. Van Wart, for a peremptory writ of mandamus to require respondent, as a justice of the municipal court of the city of New York, to certify to the comptroller a pay roll for relator's salary as assistant

[1] Affirmed on appeal. See 55 N. Y. Supp. 522.

clerk of that court, and to permit him to discharge the duties of that office.    Denied.    Until January 31, 1898, relator had held a clerkship in the clerk's office of the justice's court of the Second district of the city of Brooklyn, which clerkship was called that of "assistant clerk."

Thomas F. Magner, for relator.
Joseph A. Burr, for respondent.

GARRETSON, J.    The relator was appointed to a position, not an office.    Whether it was designated "assistant," "assistant clerk," or "additional clerk" is immaterial.    His incumbency was to continue during the pleasure of the justice (Laws 1888, c. 583, tit. 21, § 14), subject to his right to claim the benefits of section 29 of title 22 of the act above cited, and of the "Veteran Act," being chapter 312 of the Laws of 1884 as amended.    The office of clerk of the justice's court of the Second district of the city of Brooklyn existed by virtue of the section first above cited, but the office of "assistant clerk" was not created thereby.    Such an office existed in the district courts of the former city of New York, with a fixed term of six years (Laws 1882, c. 410, § 1427), but not in the city of Brooklyn.    By the Greater New York charter (Laws 1897, c. 378, § 1351), the district courts of the city of New York and the justices' courts of the city of Brooklyn were, on January 1, 1898, continued, consolidated, and reorganized, under the name, "Municipal Court of the City of New York."    By sections 1350 and 1384 of the charter, the position held by the relator would have wholly ceased and determined on January 31, 1898 (People v. Tierney, 31 App. Div. 309, 52 N. Y. Supp. 871), but for section 127 thereof, which has retained him in like position, and under the same conditions, in the greater municipality; he being a veteran of the Union army in the late Civil War.    But the position in which he has been thus retained is not the office of "assistant clerk" of the municipal court of the city of New York for the Second district in the borough of Brooklyn.    That office, so far as the borough of Brooklyn is concerned, first came into existence by virtue of section 1373 of the charter.    The incumbent thereof is appointed by the justice, and holds his office for the term of six years from the date of his appointment; and he is required, before entering upon his duties, to file in the office of the comptroller a bond in the penal sum of $5,000, conditioned for the faithful discharge of his duty, etc.    The provision of the section last cited, that the clerks, assistant clerks, etc., of the district courts of the city of New York, and of the justices' courts of the city of Brooklyn, who shall be in office on the 1st day of January, 1898, shall continue until the expiration of their respective terms, does not apply to the relator, (1) for that he did not, on that date, hold an office of "assistant clerk," and (2) because he did not hold for a fixed term.    People v. Tierney, supra.    The relator's claim, if sustained, would, in effect, work an amendment to section 1373 of the charter, and place him for life, or during good behavior, in an office the term of which has been definitely fixed at six years; and that, without filing a bond, which is made a prerequisite to the entry upon the duties of the office.    Such a result would, I think, be contrary to the plain intention of the legis-

lature. The motion for a peremptory writ of mandamus is denied, with costs.

Motion denied, with costs.