PEOPLE ex rel. JOYCE v. VAN WART.

(Supreme Court, Appellate Division, Second Department. January 24, 1899.)

CLERKS OF MUNICIPAL COURTS.

Relator was appointed second assistant clerk to a justice of the peace. Prior to the consolidation under the Greater New York charter, the assistant clerk was removed, and another appointed in his place; but relator's position was not changed. *Held* that, the charter having abolished all

other clerkships but the clerk and one assistant, the relator, though a veteran, had no position in which to be "retained in like position and under the same conditions," as provided by the charter.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of John J. Joyce, against Gerard B. Van Wart. From an order of the special term denying a peremptory writ (55 N. Y. Supp. 68), relator appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas F. Magner, for appellant.
Joseph A. Burr, for respondent.

PER CURIAM. The relator, having elected to stand upon the averments contained in the opposing affidavits, and to insist upon relief by way of a peremptory writ of mandamus, is bound thereby; and such allegations as the opposing papers disclose must be now taken as true. Code Civ. Proc. § 2070; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554. Applying this rule, it clearly appears that the relator was never appointed an assistant clerk to Justice Petterson. The source of his appointment is clear and distinct. Justice Petterson was authorized to appoint a clerk and an assistant clerk by the common council, acting under the charter of the city of Brooklyn, and he filled these positions. In January, 1892, the justice addressed a communication to the common council of the city of Brooklyn, asking the council to transfer to the salary account of his court the sum of $1,200, to enable him to employ an additional clerk for said court. This request was granted, and the said justice, acting under this authority, appointed the relator to the position of "second assistant clerk" in his court. The relator continued to serve in such position during the term of office of the said justice, and was found therein by the defendant when he succeeded to such office. The relator, being a veteran, continued in the performance of the duties of the position without change. Prior to the 31st day of January, 1898, the defendant removed the assistant clerk in his office, and appointed to such position Edward L. Stryker; but he made no change in relator's position, who continued to occupy the same status as before. Thereupon Stryker became such assistant clerk. We have already held that the effect of the adoption of the Greater New York charter only authorized the retention in office, in connection with these courts, of a clerk and an assistant (McKenna v. City of New York, 34 App. Div. 152, 54 N. Y. Supp. 634), and that all other clerkships were abolished. This wiped out the position held by the relator. There is nothing in the veteran statutes which saved his position. Veterans were only retained "in like positions and under the same conditions" by the consolidated corporation. There could be no like position when the act abolished it.

It follows that the order should be affirmed, and the proceeding dismissed.

Order affirmed, with $10 costs and disbursements, and proceeding dismissed.