518    PEOPLE ex rel. JOYCE v. VAN WART.

Second Department, January Term, 1899.    [Vol. 36.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. JOYCE, Appellant, v. GERARD B. VAN WART, Respondent.

*New York Municipal Court — a second assistant clerk of the Civil Court in Brooklyn not retained by the Greater New York charter.*

The position of second assistant clerk to a justice of the Civil Court of Brooklyn, appointed under the authority of a resolution of the common council of that city, was abolished by the Greater New York charter (Laws of 1897, chap. 378), which only authorizes the retention in office, in connection with these courts, of a clerk and an assistant clerk, and the fact that the incumbent in such position is a veteran does not affect the situation.

APPEAL by the relator, John J. Joyce, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of November, 1898, denying the relator's motion for a peremptory writ of mandamus directed to Gerard B. Van Wart, commanding him to certify to the comptroller of the city of New York that the relator is an assistant clerk of the Municipal Court of the city of New York for the second district in the borough of Brooklyn.

*Thomas F. Magner*, for the appellant.

*Joseph A. Burr*, for the respondent.

PER CURIAM:

The relator, having elected to stand upon the averments contained in the opposing affidavits, and to insist upon relief by way of a peremptory writ of mandamus, is bound thereby, and such allegations as the opposing papers disclose must be now taken as true. (Code Civ. Proc. § 2070; *People ex rel. Corrigan* v. *The Mayor*, 149 N. Y. 215.) Applying this rule, it clearly appears that the relator was never appointed an assistant clerk to Justice PATTERSON. The source of his appointment is clear and distinct. Justice PATTERSON was authorized to appoint a clerk and an assistant clerk of the Second District Civil Court of the city of Brooklyn by the common council, acting under the charter of the city of Brooklyn, and he filled these positions. In January, 1892, the justice addressed a communication to the common council of the city of Brooklyn, asking the council to transfer to the salary account of his court the sum of $1,200 to enable him to employ an additional clerk for said court. This request was granted, and the said justice acting under this authority appointed the relator to the position of " second assistant clerk " in his court. The relator continued to serve in such position during the term of office of the said justice, and was found therein by the defendant when he succeeded to such office. The relator being a veteran, continued in the performance of the duties of the position without change. Prior to the 31st day of January, 1898, the defendant removed the assistant clerk in his office and appointed to such position Edward L. Stryker; but he made no change in relator's position, who continued to occupy the same status as before. Thereupon Stryker became such assistant clerk. We have already held that the effect of the adoption of the Greater New York charter only authorized the retention in office, in connection with these courts, of a clerk and an assistant (*McKenna* v. *City of New York*, 34 App. Div. 152), and that all other clerkships were abolished. This wiped out the position held by the relator. There is nothing in the veteran statutes which saved his position; veterans were only retained " in like positions

and under the same conditions" by the consolidated corporation. There could be no like position when the act abolished it.

It follows that the order should be affirmed, and the proceedings dismissed.

All concurred.

Order affirmed, with ten dollars costs and disbursements, and proceedings dismissed.