Deadehick, J.,
delivered tbe opinion of tbe Court.
Tbe plaintiff in error was presented by tbe grand jury, at October Term, 1870, of tbe Circuit Court of Marshall county, for unlawfully carrying a pistol, under tbe act, approved June 16th, 1870.
Tbe presentment charges, and tbe proof shows, that tbe alleged offense was committed 22d July, 1870.
Tbe Statute, under which tbe presentment was made, was passed by both houses of the General Assembly, June 11th, 1870, and was approved by tbe Governor, 16th June, 1870, and provides that it shall “take effect forty days from and after its passage.”
Counting from tbe 11th of June, tbe forty days bad expired; but counting from the 16th June, tbe forty days bad not expired on 22d July. The Circuit Judge held that tbe act took effect forty days after 11th June, 1870, the time when it passed both branches of tbe Legislature, and tbe jury returned a verdict of guilty against tbe defendant.
Motion for new trial and in arrest of judgment having been made, and overruled by the Court, tbe defendant appealed, in error, to this Court.
The Constitution of 1834, Art. 2, s. 18, provided, that no bill shall become a law, until it shall be read and passed on three different days, in each house, and be signed by the respective Speakers.
*444 Being so read, passed and signed by the Speakers, it became a law; it not being required, under that Constitution, that the Governor should approve or sign it. Art. 2, § 18, of the Constitution of 1870, contains the same provisions; with the addition, that “the bill shall not become a law, unless it shall have received, on its final passage, in each house, the assent of a majority of all the members to which that house is entitled, and shall have been signed, in open session, by the respective Speakers, and shall have been approved by the Governor, or shall have been otherwise passed under the provisions of this Constitution.5’ It will be observed, that this clause of the Constitution does not treat the bill as passed, without the approval of the Governor, although signed by the Speakers, unless by one of the two other modes by which it may become a law without his approval. One of these modes is, to pass it by a majority of all the members of each house, notwithstanding his objections, the other, by the failure of the Governor to return the bill, with his objections, within five days after it shall have been presented to him.
By the Constitution of 1870, the approval of the Governor is just as essential to the validity of a legislative enactment as a law, (except in the two cases above stated,) as the passage of it by both houses and signature of the Speaker of each, and it can not with propriety be said to have passed, or been enacted into a law until it has received all the constitutional sanctions required to give it effect as such.
The Governor’s qualified veto power, and the necessity of his approval of the acts of the Legislature, *445 in order to their validity as laws, have been held to constitute him a component part of the Legislature; such power being legislative rather than executive: Cooley Con. Lim., 153-155.
By Sec. 20, of Art. 2, it is declared that, “no law of a general nature shall take effect until forty days after its passage, unless,” &c.
The meaning of this section is, that the law shall not take' effect until forty days after it has become a law; that is, after it shall have received the approval of the Governor; or upon his refusal to approve, shall have been otherwise passed under the provisions of the Constitution.
The Circuit Judge held otherwise, and we are of opinion that in so holding, he erred.
Let the judgment be arrested, and defendant discharged.