The People of the State of New York ex rel. Frederick
Eldred, Jr., Respondent, *v.* John Palmer, Secretary of
State of the State of New York, Appellant.

1. New York and Kings Counties — County Officers — Election
and Term. The provision of the Constitution of 1894 (Art. 10, § 1),
which took effect January 1, 1895, that county officers, including district
attorneys, in the counties of New York and Kings, "shall be chosen by
the electors once in every two or four years as the legislature shall direct,"
contemplated action by the legislature precedent to election and confers
no authority upon the legislature as to an election consummated before
legislation.

2. Kings County — District Attorney — Unconstitutionality of
L. 1896, Ch. 772. Chapter 772, Laws of 1896, providing that district
attorneys of Kings county shall be elected once in every four years, was,
in so far as it assumed to fix at four years the term of the incumbent who
had been elected in November, 1895, invalid as an exercise of the power
conferred by the Constitution upon the legislature to fix the term, and
is, to that extent, unconstitutional and void.

3. Term of Office, in Absence of Legislation. In the absence of
legislation preceding their election, the terms of county officers in the coun-
ties of New York and Kings must, under the present Constitution (Art.
10, § 1; art. 12, § 3) be deemed to be two years, which, as to future cases,
may be extended to four years if the legislature shall so prescribe.

4. Term of Present Incumbent. In the absence of legislation pre-
ceding his election, the term of the present incumbent of the office of
district attorney in Kings county, elected at the general election in Novem-
ber, 1895, is two years, and expires December 31, 1897; and a successor
should be elected in November, 1897.

5. Election of 1899. That part of the act of 1896 (Ch. 772) which
prescribes a term of four years for the office of district attorney of Kings
county from and after December 31, 1899, is separable, and is a valid
fixing of the terms of the officers to be elected in that and subsequent years.

6. Election of 1897. The term of the district attorney of Kings
county, to be elected at the general election in November, 1897, will be
two years, terminating December 31, 1899.

7. Election in 1897. The statutory and constitutional authority for
holding an election for district attorney in Kings county in 1897 is ample.

*People ex rel. Eldred* v. *Palmer*, 21 App. Div. 101, affirmed.

(Argued October 7, 1897; decided October 13, 1897.)

Appeal from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered

October 6, 1897, which reversed an order of Special Term denying relator's motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*Joseph A. Burr, John M. Ward* and *Herman H. Baker* for appellant. In the absence of any legislation of any sort relating to the office of district attorney in the county of Kings, subsequent to January 1, 1895, the term of office of Mr. Backus, who was elected in November, 1895, would not expire until the 31st day of December, 1899. Still more, there will be no expiration of the term of such office on the 31st day of December, 1897, and such office cannot be filled at the coming general election in November, 1897. (L. 1896, ch. 772.) The act of 1896 is a valid law. (*Rathbone* v. *Wirth*, 150 N. Y. 470; *Koch* v. *Mayor, etc.*, 152 N. Y. 72.) The act of 1896 was not in any sense an act extending the term of an incumbent then in office. (Throop on Public Officers, § 17; *People ex rel.* v. *Bull*, 46 N. Y. 61; *People ex rel.* v. *McKinney*, 52 N. Y. 374; *People ex rel.* v. *Foley*, 148 N. Y. 677; *People ex rel.* v. *Crooks*, 53 N. Y. 648; Const. N. Y. art. 1, § 16; art. 10, § 1; *People ex rel.* v. *Comptroller*, 11 App. Div. 114; L. 1892, ch. 680, § 2.) Such construction of the Constitution and the statutes as we here contend for, can work no possible injury. The provision referred to in the Constitution was part of the general scheme of the Constitution to separate local from state and national elections, which was more clearly manifested in article 12, section 3, which only requires that local elections shall be held in an odd-numbered year, not in every odd-numbered year. (Throop on Public Officers, § 308.) Even if there should be an expiration of term in the office of the district attorney of Kings county on the 31st day of December, 1897, it cannot be filled at this election. (L. 1896, ch. 772.)

*Nathaniel H. Clement* and *Isaac M. Kapper* for respondent. It is the established policy of this state that legislation which extends the term of office of the elected incumbent thereof is

an attempt upon the part of the legislature to exercise the power of appointment, and is unconstitutional and void. (*People ex rel.* v. *Bull*, 46 N. Y. 57; *People ex rel.* v. *McKinney*, 52 N. Y. 374; *People ex rel.* v. *Crooks*, 53 N. Y. 648; *People ex rel.* v. *Foley*, 148 N. Y. 677; *Rathbone* v. *Wirth*, 150 N. Y. 459; *People ex rel.* v. *Randall*, 151 N. Y. 497.) In order to sustain this legislation we are compelled to assume that the district attorney of Kings county was elected for no definite term whatever. (Const. N. Y. art. 10, § 1; art. 12, § 3.) The Constitution read literally as well as with an eye to meaning, vests no power in the legislature to create or fix terms of office of constitutional officers after their election by the people. The words in the Constitution, "as the legislature shall direct," have ever been held a limitation or check upon legislative power to declare the duration of terms of office to a period of time anterior to the choice by the people. No authority has ever held these words to be a grant of power to the legislature to work a change in the term of office of a constitutional officer whom the people have already elected. (Const. N. Y. art. 10, §§ 1; 2; *People ex rel.* v. *Bull*, 46 N. Y. 57; *People ex rel.* v. *Comptroller*, 20 Wend. 595; *Bergen* v. *Powell*, 94 N. Y. 591; 30 Hun, 438.) In ascertaining the term of office for which a constitutional officer is elected under a provision of a Constitution or statute which leaves the length of the term in doubt, that construction will be followed which limits the term of the office to the shortest time. (Throop on Public Officers, § 308; *Wright* v. *Adams*, 45 Tex. 134.) The plain reading of article 10, section 1, of the Constitution is that the term of office of these county officers in New York and Kings counties is two years, until the legislature, in advance of an election, should make it four years. (*Rathbone* v. *Wirth*, 150 N. Y. 474; L. 1895, ch. 826; Story's Const. Law, §§ 587, 588–602; Paine on Elections, § 3; *People* v. *Keeler*, 17 N. Y. 370; *People ex rel.* v. *Bull*, 46 N. Y. 61; Cooley's Const. Lim. 87; Potter's Dwarris on Stat. 126, 143; *Oakley* v. *Aspinwall*, 3 N. Y. 547; *People ex rel.* v. *Albertson*, 55 N. Y. 55; *People*

*ex rel.* v. *Draper*, 15 N. Y. 544.) In the construction of stat-
utes we find the general, and, in fact, unexceptional rule, in
England and America to be, that no statute shall have a retro-
active operation unless there be something in the very nature
of the case, or in the language of the provision, which shows
that it was intended to have a retroactive effect. (Potter's
Dwarris on Stat. 74, 162 ; *O'Reilly* v. *Utah, N. & C. S. Co.,*
87 Hun, 412.)

ANDREWS, Ch. J. This proceeding was instituted to obtain
an order requiring the secretary of state to include in his
notices among the names of the officers to be voted for at the
ensuing election for the county of Kings that of district attor-
ney. The sole question relates to the duration of the term of
the present incumbent of that office, who was elected at the
general election held in November, 1895. It is claimed in
behalf of the relator that the election of the present incum-
bent was for the term of two years from January 1, 1896, and
that his term expires December 31, 1897. It is insisted, how-
ever, in behalf of the defendant, that by force of chapter 772
of the Laws of 1896, passed after the election of the present
incumbent, his term of office was fixed at four years from the
time of his election, which does not expire until December
31, 1899. The constitutionality of that statute is challenged,
and it has been held by the Appellate Division for the sec-
ond department that the statute is unconstitutional in so far as
it continued the present incumbent in office for the term men-
tioned. Prior to the first day of January, 1895, the provision
of the Constitution which regulated the election and term of
district attorneys was as follows : " Sheriffs, clerks of counties,
including the register and clerk of the City and County of New
York, coroners and district attorneys, shall be chosen, by the
electors of the respective counties, once in every three years and
as often as vacancies shall happen." (Const. of 1846, art. X,
sec. 1.) The predecessor of the present incumbent of the
office was duly elected in 1892 for three years under the
Constitution of 1846, and his term expired December 31,

1895, and the present incumbent, as stated, was elected as his successor.    When he was elected the term of district attorney of Kings county had been changed by art. X, sec. 1, of the new Constitution, which took effect January 1, 1895, which declared : " Sheriffs, clerks of counties, district attorneys, and registers in counties having registers, shall be chosen by the electors of the respective counties, once in every three years and as often as vacancies shall happen, except in the counties of New York and Kings, and in counties whose boundaries are the same as those of a city, where such officers shall be chosen by the electors once in every two or four years as the legislature shall direct."    The object of this provision prescribing that the terms of the county officers mentioned in the counties of New York and Kings, should be two or four years, was to bring the time of electing these officers into harmony with the new constitutional provision contained in art. XII, sec. 3, requiring that the election of city officers, except in cities of the third class and of county officers elected in the counties of New York and Kings, " shall be held on the Tuesday succeeding the first Monday in November in an odd numbered year, and the term of every such officer shall expire at the end of an odd numbered year."    It is manifest that to carry out the purpose, that county officers in the counties of New York and Kings should be elected in odd numbered years, it was essential to change the term from an odd to an even number, as a continuous three-year term would necessarily make every alternate term expire in an even numbered year.    For this reason it was declared in art X, sec. 1, that " such officers shall be chosen by the electors once in every two or four years as the legislature shall direct."    This provision doubtless contemplated that the legislature would act and fix the term of the district attorney and the other county officers in the counties of New York and Kings at the one or the other of these periods.    The whole legislative session of 1895, however, was allowed to pass without any statutory enactment fixing the term of the district attorney or any other of the

county officers in Kings county, so that when the present incumbent of the office of district attorney of Kings county was elected in the fall of 1895, there was no legislative enactment in force prescribing the duration of the term. The former term of three years had been abrogated by force of the new constitutional provision, and the legislature had omitted to prescribe any other term. The incumbent was not elected for three years for the reason stated. There was no statute defining the duration of his term, and if nothing subsequently had occurred, the election was either wholly invalid, because no term had been prescribed, or he was elected for an indefinite term, or for a term of two or four years, if by a reasonable construction of the Constitution it could be held that in the absence of legislation the duration of the term was fixed by the Constitution at one of the two periods. But on the 20th day of May, 1896, after the present incumbent had entered upon his office, the legislature enacted chapter 772 of the laws of that year as follows : " The present district attorney of the county of Kings shall continue in said office until the 31st day of December, 1899, and his successor shall be chosen at the annual election to be held next preceding the said 31st day of December, 1899, for the term of four years, and thereafter district attorneys of the county of Kings shall be chosen by the electors of said county once in every four years." If this was a valid exercise of legislative power, then the term of the present incumbent will continue until the 31st day of December, 1899, and no election of a successor can be held until November of that year.

We concur with the Appellate Division that the act, so far as it undertakes to continue the present incumbent in office until December 31, 1899, is unconstitutional and void, and without elaboration we shall state our reasons for this conclusion. The words of the Constitution are that the district attorney and other officers mentioned in art. X, sec. 1, to be elected in Kings county, " shall be chosen by the electors once in every two or four years as the legislature shall direct." The clear

import of the language is that the direction of the legislature fixing the term shall precede the choice to be made. The officers are to be " chosen " by the electors for one of two periods, not for an indefinite period to be subsequently defined by the legislature. It would be contrary to all precedent that the electors should not be advised before casting their votes of the duration of the term of the officers to be elected. The power attempted to be exercised by the legislature in this case, if sustained, would open the door to obvious abuses. It would practically confer upon the legislature the power to prescribe a short or long term, and to shorten or lengthen the official life of an officer, who by the Constitution is to be elected by the people; upon considerations wholly foreign to their true interests. The court, in *People ex rel. Fowler* v. *Bull* (46 N. Y. 57), had occasion to consider an act of the legislature extending the term of an elected officer, and Judge FOLGER's opinion in that case presents with great force the public considerations which require the condemnation of such legislation. It was regarded as subversive of the principles of the elective system and contrary to the true interpretation of the Constitution. The act of 1896 is in effect an attempt on the part of the legislature to appoint to office, and by its fiat, without the concurrence of the electors, to protect the present incumbent in the possession of an office for a term for which he never has been elected, unless, indeed, the wholly inadmissible claim of the appellant can be maintained, that the electors voted for the present district attorney for a term, to be thereafter fixed by the legislature, of two or four years. This contention ignores the plain meaning of the constitutional provision, and also one of the canons of construction applicable as well to Constitutions as to statutes, that provisions prescribing power or giving authority are to be construed, in the absence of a clear intention to the contrary, as conferring power or authority to be exercised in respect to the future, and not as to transactions already consummated.

Having reached the conclusion that the act of 1896, so far as it assumed to fix the term of the present incumbent

of the office, was invalid as an exercise of the power con-
ferred by the Constitution upon the legislature to fix the
term of office of the district attorney, it remains to consider
whether, in the absence of legislation, the Constitution
itself fixed the term of the present incumbent. We are of
opinion that, until the legislature acted, the terms of county
officers elected in the counties of New York and Kings must
be deemed to be two years, which, as to future cases, may be
extended to four years if the legislature shall so prescribe.
The legislature had the option to prescribe either one or the
other of the two periods. But not having exercised it, the
minimum period should be taken as the duration of the term.
This construction gives effect to the constitutional provision
requiring elections for municipal officers and county officers in
New York and Kings counties to be held in an odd num-
bered year. It fixes the term at the only period which with
certainty was included within the intention of the electors,
and prevents any hiatus in the incumbency of county offices.
It enforces the public policy that the term of office of
an elected officer shall be fixed before the election. It
renders fixed and stable the terms of office and prevents
an exercise of legislative power in legislating an incumbent in
or out of office upon partisan considerations. It leaves to the
legislature the unrestricted right to prescribe for the future
the duration of the term at the minimum or maximum
period. While the construction we adopt is not free from
doubt, it is most consistent with the principles of the
elective system and the uniform policy upon which the
courts have acted in dealing with analogous conditions.
It is to be observed that sheriffs, county clerks and registers
are in the same category with district attorneys in art. X,
sec. 1, of the Constitution. If the act of 1896 was a valid
exercise of legislative power, then the sheriff and register of
Kings county to be elected this fall may have a two or four
years term as the legislature may hereafter prescribe, for up
to this time no legislation has been enacted prescribing the
duration of their terms. Every consideration of public policy

demands that no such demoralizing condition of the public service should be permitted and we are satisfied that the Constitution does not require it.

That part of the act of 1896 which prescribes a term of four years for the office of district attorney, from and after December 31, 1899, is separable from the other provisions and is, we think, a valid fixing of the terms of this officer to be elected in that and subsequent years. The term of the officer to be elected this year will be two years, terminating December 31st, 1899. The statutory and constitutional authority for holding an election for district attorney in Kings county the present year is ample. The statute prescribes that a general election shall be held in November of each year  The Constitution, art. XII, sec. 3, prescribes that elections for the offices mentioned therein "shall be held on the Tuesday succeeding the first Monday of November in an odd numbered year." Whatever officers are to be elected may be voted for at the ensuing election.

We concur in most of the views and in the conclusions in the opinion below, and the order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.