State, ex rel., v. Trewhitt.

STATE, *ex rel.* W. H. CUMMINGS, *v.* A. H. TREWHITT.

(*Knoxville.*   September Term, 1904.)

1. **COUNTY ATTORNEYS.** Office created by legislature and may be abolished, or the term shortened or lenghtened by it.
The office of the county attorney is not provided for in the constitution; and when created by the legislature, it may be abolished or the term may be lengthened or shortened by the legislature. (*Post, p.* 566.)

2. **SAME.** Term of office of incumbent cannot be extended by legislature.
The provision of amendatory statute extending the term of the incumbent in the office of county attorney is in conflict with the constitution, and, therefore, void. (*Post, pp.* 566-568.)

Acts cited and construed: 1899, ch. 352; 1903, ch. 576.

Constitution cited and construed: Art. 11, sec. 17.

3. **SAME.** Same. Legislature cannot extend term of incumbent by implication or inference.
The extension of the term of office of an incumbent in the office of county attorney cannot be sustained under the constitutional provision concerning the holding over of incumbents. (*Post, pp.* 568-571.)

Acts cited and construed: 1899, ch. 352; 1903, ch. 576.

Constitution cited and construed:   Art. 7, sec. 5; art. 11, sec. 17.

Cases cited and approved: Kimberlain v. State, ex rel. (Ind.), 29 N. E., 773, 14 L. R. A., 858, 860, 30 Am. St. Rep., 208; State v. Arrington, 18 Nev., 412; People, ex rel. Williams, v. McKinney,

113 Tenn—36

State, ex rel., v. Trewhitt.

52 N. Y., 374; People, ex rel. Lovett, v. Randall, 151, N. Y., 497; People v. Bull, 46 N. Y., 57; People v. Foley, 148 N. Y., 677; People, ex rel. Eldred, v. Palmer, 154 N. Y., 133, 138, 139; State, ex rel. Meredith, v. Tallman, 24 Wash., 426, 429, 430.

4   STATUTES. One subject to be expressed in title; additional severable subject in body eliminated preserving the rest of the act, when.

Where a statute contains two severable subjects, only one of which is included in the title, and this one expresses the chief purpose of the legislature, and the other one not expressed in the title is merely incidental and subordinate, and can be stricken out without in any sense impairing the efficiency of the act, this will be done, and the other portion of the act preserved. (*Post, pp.* 571,572.)

Act cited and construed:  1903, ch. 576.

Constitution construed, but not cited: Art. 2, sec. 17.

Case cited and approved:  Jones v. Memphis, 101 Tenn., 188.

5.  SAME.  Time to take effect may be fixed by legislature.

The legislature may postpone the time when an act shall take effect beyond the constitutional time of forty days.    (*Post, pp.* 572,573.)

Act cited and construed:  1903, ch. 576.

Constitution cited and construed: Art. 2, sec. 20.

Cases cited and approved: Logan v. State, 3 Heis., 442, 445; Sammis v. Bennett (Fla.), 14 South., 90, 22 L. R. A., 48.


FROM HAMILTON.


Appeal from the Chancery Court of Hamilton County. —T. M. McCONNELL, Chancellor.

State, ex rel., v. Trewhitt.

STATEMENT BY MR. JUSTICE NEIL.

On the 21st day of April, 1899, the following statute was enacted by the legislature of this State:

"An act to create the office of county attorney of Hamilton county, and to prescribe the duties thereof.

"Section 1.  Be it enacted by the general assembly of the State of Tennessee, that there is hereby created the office of county attorney of Hamilton county.  Said officer shall be elected by the quarterly county court of Hamilton county at its January term for a period of one year, and annually ever thereafter.  His salary shall be $1,000, and shall not be increased or diminished during his term of office.

"Sec. 2.  Be it further enacted, that it shall be the duty of said county attorney to transact all the legal business of said county, either in court or otherwise, and to advise the county officials upon legal matters affecting their offices, and no officer of said county shall employ any other attorney save at his own personal expense unless he shall be first authorized and empowered by the quarterly court.

"Sec. 3.  Be it further enacted, that this act take effect from and after its passage, the public welfare requiring it.

"Passed April 20, 1899.

"Approved April 21, 1899."  Acts 1899, p. 823, c. 352.

On the 1st day of January, 1903, W. H. Cummings was elected county attorney of Hamilton county, by the county court of that county for one year.

On the 9th of April, 1903, the following act was passed by the legislature, for the purpose of amending the foregoing statute:

"An act to amend an act entitled 'An act to create the office of county attorney of Hamilton county, and to prescribe the duties thereof,' being chapter 352 of the published acts of the legislature of 1899, by making said office a two year term instead of one, and to change the time of said election.

"Section 1. Be it' enacted by the general assembly of the State of Tennessee, that section 1 of chapter 352 of the published Acts of the legislature of 1899, be, and the same is hereby amended by striking out the following words, which appear in the sixth line of section 1 of said act, 'one year, and annually ever thereafter,' and substitute in the place and stead thereof, the following, 'two years and every two years thereafter.'

"Sec. 2. Be it further enacted, that the first election for county attorney under this act shall be held at the January term of the quarterly court of Hamilton county, 1905, and that the county attorney elected by the quarterly county court of Hamilton county under said original act on the first Monday in January, 1903, shall hold said office until his successor is elected and qualified as provided in this act.

"Passed April 1, 1903.

"Approved April 9, 1903." Acts 1903, p. 1536, c. 576.

On the 1st day of January, 1904, the county court of Hamilton county undertook to elect defendant Trewhitt as county attorney of that county for the year 1904.

On the 20th day of January, 1904, the present bill was filed by the attorney general of the district, in the name of the State of Tennessee, on relation of Wm. H. Cum-

State, ex rel., v. Trewhitt.

mings, for the purpose of determining whether the action of the county court in electing Trewhitt was pursuant to law, and whether he could hold office thereunder, or whether Cummings was still the county attorney pursuant to the act of 1903.

The chancellor held that the action of the county court in electing Trewhitt was illegal, and that Cummings was entitled to the office.

On appeal to this court the case was referred to the court of chancery appeals, and in that court the decree of the chancellor was reversed, and a decree entered adjudging that Trewhitt was lawfully in office.

From the latter decree an appeal has been prayed and prosecuted to this court.

MURRAY & MURRAY, for complainant.

PRITCHARD & SIZER, for defendant.

MR. JUSTICE NEIL, after making the foregoing statement, delivered the opinion of the Court.

A careful examination of the act of 1903 (Acts 1903, p. 1536, c. 576) discloses two purposes: One, that the office of county attorney of Hamilton county shall be enlarged from a one-year term to a two-year term, and that this latter term shall begin on the first Monday of January, 1905, when the first election under that act shall take place; the other, that the interval of one year between the close of the then incumbent's term, under the act as it stood before amendment, and the beginning

of the new two-year term, shall be held by the incumbent elected under the said original act.    Acts 1899, p. 823, c. 352.

Are these lawful purposes, and can they stand together?

The office of county attorney is not provided for in the constitution, but was created for the county solely by legislative action.    There can be no doubt, therefore, of the power of the legislature to lengthen or shorten the term, or to abolish the office altogether.    There is only one constitutional restriction imposed, and that is to be found in article 11, section 17, viz.: "No county office created by the legislature shall be filled otherwise than by the people or the county court."

The question to be determined is, whether the foregoing constitutional provision is violated by that portion of the act which provides that the incumbent shall continue to hold the office until the new term begins.    The decision of this question must be found in a true construction of the provision quoted.    That provision was intended to preserve the right of choice to the people, either directly or through their designated agents, the justices of the county court, and no act can be allowed to stand which substantially interferes with such choice.

Does the act in question so interfere?    We are of the opinion that it does.    A term equal in length to the original term, or, to state it differently, half the length of the new term, is bestowed upon the incumbent by the legislature, and to that extent the people are deprived

of the exercise of the right of choice which they reserved to themselves. This is a substantial violation of the terms of the provision.

There can be no doubt that the legislature, upon creating a new county office or State office, may provide for the filling of such office by appointment until the next general election. Such was the case of *Condon* v. *Maloney,* 108 Tenn., 82, 100-103, 65 S. W., 871. And this was the course pursued when the court of chancery appeals was created in 1895, and it is the course always pursued when a new judicial circuit or chancery division is created. But these and similar cases stand on a different principle altogether from the case we have before us. These fall under article 7, section 4, of the constitution, wherein it is provided that "the filling of all vacancies, not otherwise directed or provided by this constitution, shall be made in such manner as the legislature shall direct." In *State, ex rel.,* v. *Maloney,* 92 Tenn., 62, 20 S. W., 419, and in *Condon* v. *Maloney,* supra, it was held that the term "vacancy" covers equally a case where the appointment or election may be made to fill an office for the first time, and where it may be made to fill one whose previous incumbent has died, resigned, or been removed. But clearly that term cannot be made to cover the case of an office in which there is an incumbent in possession, and in the discharge of his duties, merely by the device of extending his term.

We are referred by counsel to *State* v. *Wilson,* 12 Lea, 246, 253, as an authority upon the power of the legisla-

ture to authorize the holding over of incumbents for such purpose, thus extending their terms. The court, in the case referred to, passed upon such action in respect of a municipal office, concerning which the legislature was embarrassed by no constitutional restriction. That case furnishes no authority for the present controversy.

Counsel have also cited us to the principle (const., art. 7, sec. 5) that "every officer shall hold his office until his successor is elected or appointed and qualified." This, however, does not apply to the kind of case we have under consideration, but to official terms that end by their own limitation; the purpose being to prevent an hiatus, and so to provide that there shall always be some one designated by law to perform the public duties for which public offices are created. Where there is such a constitutional provision as that just quoted, "the weight of authority is," says the supreme court of Indiana, "that a term of office fixed by statute runs not only for the period fixed, but for an additional period between the date fixed for its termination and the date at which a successor shall be qualified to take the office. The period between the expiration of the term fixed by statute and the time at which a successor shall be qualified to take the office is as much a part of the incumbent's term as the fixed statutory period." *Kimberlain* v. *State, ex rel.* (Ind.), 29 N. E., 773, 14 L. R. A., 858, 860, 30 Am. St. Rep., 208, and cases cited.

Such an extension is altogether different in origin and purpose from one granted to the incumbent of an

office by direct legislative action. From the former, nothing but good results can inure to the public service, while the latter may be made the vehicle of favoritism, and must certainly withdraw the office to which it is applied for a time from the operation of the power to fill it, which the constitution has reserved to the people themselves. In view of the language and unmistakable purpose of article 11, section 17, of the constitution above quoted, we cannot admit the existence of such a power in the legislature, either by direct or indirect action.

That a statute passed merely for the purpose of extending the term of office of an incumbent, where the constitution provides that the office shall be filled by a popular vote, would be unconstitutional, we think there can be no doubt, and the authorities so hold.

In Throop on Public Officers it is said: "Where the constitution of a State requires certain officers to be elected by the people, and authorizes the legislature to fix the term of office, and the manner and time of the election, if the legislature has prescribed the duration of the office, and the office has been filled accordingly, a statute extending the term of the incumbent is unconstitutional, for, if the legislature thinks proper to extend the term, it must direct an election by the people for the increased time; but a statute changing the time of the election, or extending the term of an officer thereafter to be elected, is constitutional." Id., sec. 20, p. 22.

In *State* v. *Arrington,* 18 Nev., 412, 4 Pac., 735, it was

held that, under a proper construction of the State constitution, county assessors must be elected by the people, and that an act of the legislature undertaking to extend the term of county assessors beyond the time for which they were elected was unconstitutional and void. "To our minds," said the court, "it is enough to say that since the constitution gives to the people of a county the right to elect their assessor, and they do elect him for two years, they have the right also to elect his successor, and, if the legislature extends his term, their rights are abridged. Should we hold that the term could be extended, we should have to admit that the incumbent would hold the office during the period of extension by virtue of a legislative act rather than by an election."

The constitution of New York provided that all city, town, and village officers should "be elected by the electors of such cities, towns, and villages," etc. Const., art. 10, sec. 2. A collector of taxes was elected in Kings county under a statute then in force which fixed the length of his term at one year. Pending his term of office, the legislature passed an act providing that collectors of taxes in Kings county should hold their offices for the term of three years. It was held that, if this act was to be construed as extending the term of the incumbents, it was unconstitutional. *People, ex rel. Williamson,* v. *McKinney,* 52 N. Y., 374.

In *People, ex rel. Lovett,* v. *Randall,* 151 N. Y., 497, 45 N. E., 841, it was held that under the constitution town officers must either be elected by the voters of the

town, or appointed by some local authority; that an act of the legislature extending the term of a town officer then in office would be virtually an appointment of the officer by the legislature for the extended term, which appointment the legislature had no power to make; and that therefore an act extending the term of such officers must be construed as applicable only to officers thereafter elected. To same effect: *People* v. *Bull,* 46 N. Y., 57, 7 Am. Rep., 302; *People* v. *Foley,* 148 N. Y., 677, 43 N. E., 171; *People, ex rel. Eldred,* v. *Palmer,* 154 N. Y., 133, 138-139, 47 N. E., 1084; *State, ex rel. Meredith,* v. *Tallman,* 24 Wash., 426, 429-430, 64 Pac., 759.

It is thus seen that the extension of the term of relator as county attorney cannot be sustained either as the effect of direct legislative action, or by implication or inference under the constitutional provision concerning the holding over of incumbents.

We have, then, an act embracing two subjects, only one of which is included within the title, the necessary result of which is that it must be declared unconstitutional, unless the two subjects are severable, and are not so interwoven as that we can see that the legislature would not have passed the act with either omitted. We are of opinion that the two subjects are severable; that the first expressed the chief purpose of the legislature, and that the second—the extension of the term of the incumbent—was merely incidental and subordinate, and can be stricken out without in any sense impairing

the efficiency of the act; and this should be done, and the act preserved. *Jones* v. *Memphis,* 101 Tenn., 188, 47 S. W., 138.

But it is insisted that, even if this be done, the county court could not lawfully elect a county attorney on the first Monday in January, 1904, for that year, since, it is argued, the act took effect under const., art. 2, sec. 20, at the expiration of forty days after its passage; therefore it is said in January, 1904, there was no term of one year to which the defendant could have been elected, but that the term of one year had been already converted into one of two years.

The section referred to reads: "No law of a general nature shall take effect until forty days after its passage unless the same or the caption shall state that the public welfare requires that it should take effect sooner."

It is clear that under this provision of the constitution a statute will always take effect at the expiration of forty days from its passage—that is, forty days from its approval by the governor (*Logan* v. *State,* 3 Heisk., 442, 445)—unless a contrary purpose appear on the face of the act itself; but there is nothing in this provision to prevent the legislature fixing a date subsequent to the expiration of the forty days, or at any time subsequent to the passage of the act, for its becoming operative. The purpose of the section of the constitution above quoted was to secure a sufficient interval between the date of the passage of an act and its going into effect, to enable the public to become acquainted with

its terms and to conform thereto (Cooley, Const. Lim., marg. p. 156; *Sammis* v. *Bennett* (Fla.), 14 South., 90, 22 L. R. A., 48), with the saving that, if the public should require it, the legislature, by special direction to that effect, might cause it to become operative at once.   There is nothing in the provision referred to, or in any other provision of the constitution, to forbid the legislature making even a longer interval than the one that was specially designated as a safeguard.

So there was no constitutional objection in the way of the legislature's postponing the operation of the act of 1903 to the first Monday in January, 1905, and that is what the legislature in fact did.   Such is the result of a true construction of that act.   The act was prospective in its operation.   The first election to be held under it was to take place on the first Monday in January, 1905.   Its effect was not to repeal the provisions of the original act, but only to so change them as to bring them into harmony with its own purpose; which purpose was to change the term of the office from one year to two years, beginning with the date of the first election to be held under it, on the first Monday in January, 1905.   From this it follows that the original act was still in force on the first Monday in January, 1904, the one year term had not at that time been abolished, and the election of Mr. Trewhitt for the period running from the first Monday in January, 1904, to the first Monday in January, 1905, was lawful.

It results that the decree of the court of chancery appeals must be affirmed.