JOHN F. MORRISON *v.* M. L. GOWER.*

(*Nashville,* December Term, 1926.)

Opinion filed, December 18, 1926.

1. **CONTESTED ELECTION. County judge. Right of incumbent.**

Upon a contest for the office of county judge an incumbent, not involved in the election, is entitled to hold over under the Constitution (article 7, section 5), until contest ·is decided, and the qualification of his successor. (Post, p. 626.)

Citing: State v. Trewhitt, 113 Tenn., 568.

2. **SAME. Same. Act 1870-1, ch. 71. Special judge.**

The Act of 1870-1, ch. 71, providing for the appointment by the Governor of a temporary judge, chancellor or attorney-general in cases where a contest has arisen, applies to only State officers whose compensation is paid from the State Treasury; and does not extend the power to the Governor to appoint pending a contest over the office of county judge, where an incumbent is not a party to the contest nor interested in the result. (Post, p. 628.)

Citing and distinguishing: Graham v. England, 154 Tenn., p. 435.

3. **OFFICE. Officer, de jure. Rights of.**

Until the election and qualification of his successor under the provisions of the Constitution (art. 7, sec. 5), the **de jure** incumbent can maintain an action in his own name to enjoin interference from an illegally appointed claimant. (Post, p. 630.)

Citing: State v. Bratton, 148 Tenn., 174.

4. **COUNTY COURT. Judge. Qualification of.**

A license to practice law is not an essential qualification to the office of county judge. (Post, p. 630.)

Citing: Heard v. Moore, 154 Tenn., p. 566.

5. **STATUTES.** Construction. Intention.

Statutes must be read and considered in view of the objects designed and the purpose intended by the Legislature, for the intention is controlling.   (Post, p. 629.)

---

*Headnotes 1.  Judges, 33 C. J., section 13 (Anno); 2.  Judges, 33 C. J., section 27; 3.  Judges, 33 C. J., section 211 (Anno); 4.  Judges, 33 C. J., section 205; 5.  Statutes, 36 Cyc., p. 1106.

---

### FROM LAWRENCE.

---

Appeal from the Chancery Court of Lawrence County.—Hon. Thos. B. Lytle, Chancellor.

John J. Vertrees, H. D. Derrick and John G. Crews, for plaintiff.

R. B. Williams, Noble Freeman and Hughes & Hughes, for defendant.

Mr. Justice Cook delivered the opinion of the Court.

John W. Springer and E. E. McNely were opposing candidates for the office of county judge of Lawrence county in the August election of 1926.  On the face of the returns, Springer received the majority, and was given a certificate of election.  McNely contested Springer's election, and, pending the contest, the Governor, pursuant to chapter 73, Acts of 1870-71, appointed M. L. Gower temporary county judge.

County Judge Morrison, who occupied the office and whose term ended August 31, 1926, was not involved in

the election contest.   Upon the appointment of Gower, Judge Morrison filed the bill to enjoin Gower from interfering with his possession of the office, alleging that the oppointment was unauthorized and illegal.  He asserts the right, as the incumbent of the office, to hold over, under article 7, section 5, of the Constitution, until his successor is elected and qualified.  He charges that the act under which the temporary appointment was made is unconstitutional, and further that the act creating the office of county judge for Lawrence county prescribes as a qualification that the county judge be one learned in the law, which he insists means a licensed lawyer, and charges that the defendant, Gower, is not a licensed lawyer.

The defendant's demurrer to the bill was overruled, and, upon appeal, errors are assigned which present the insistence:   (1) That the act of 1870-71 is valid and authorized the appointment of a temporary county judge by the Governor.; (2) that the defendant, Gower, is legally qualified to hold the office notwithstanding he is not a licensed lawyer; and (3) that the complainant cannot maintain the bill in his individual capacity to test title to the office, but may do so only in a proceeding in the name of the state in the nature of *quo warranto* upon authority of the district attorney.

Article 7, section 5, of the Constitution, provides that every officer shall hold his office until his successor is elected or appointed and qualified; the purpose being to prevent a *hiatus* and so to provide that there shall always be some one designated by law to perform the public duties for which public offices are created.  *State* v. *Trewhitt,* 113 Tenn., 568.

Under this provision of the Constitution the complainant would hold over beyond the term for which he was elected until the election and qualification of his successor, and, as the *de jure* incumbent, could maintain the action in his own name to enjoin interference from an illegally appointed claimant.

Complainant is not challenging the right of an incumbent, nor is he seeking to remove an intruder from office. The bill shows that he is in office, and he alleges that he is the lawful incumbent, and filed the bill to protect his peaceful possession against the defendant, whom he charges has no color of right. Upon such a showing, complainant may maintain the action to enjoy interference until the title to the office is determined. *State* v. *Bratton,* 148 Tenn., 174.

While not the primary object, it is of course necessary, in such a proceeding to determine the validity of Mr. Gower's appointment, to ascertain whether he is eligible.

In *Heard* v. *Moore,* in an opinion of Mr. Justice McKINNEY, December 11th, the court held that a license to practice law was not an essential qualification to the office of county judge, so if, through the appointment under the act Mr. Gower supplanted complainant in the office, the bill should be dismissed.

It is urged that chapter 73, Acts of 1870-71, is unconstitutional and void, because under article 7, section 5, of the Constitution, every officer holds until his successor is elected and qualified, and that the Constitution fixed complainant's term at the definite period of eight years for which he was elected, coupled with the contingent period from the end of the definite term to the assumption of the office by a legally elected and qualified succes-

sor. He insists that by operation of the holdover clause of the Constitution the contingent period is a part of his regular term, and that he cannot be interfered with in his possession by a temporary appointee.

It is insisted that no vacancy exists; that the legislature could create none in the face of the holdover provision of the Constitution. The reasoning to sustain this proposition is forceful, and the proposition is supported by the citation of many cases. The question underlying the cases was whether or not a vacancy existed to be filled by appointment when the successor elect died or failed to qualify. None of them involve the right of the legislature to provide for the appointment of a temporary judge pending the disqualification of the holdover incumbent engaged in a contest for the right of succession.

Upon reconsideration, we are constrained to adhere to the reasoning and the conclusion reached in *Graham* v. *England,* where Chief Justice GREEN, speaking for the court, in substance, said that the act does not purport to deal with the case of a vacancy in office, nor undertake to prescribe the method of filling a vacancy in office. But undertakes to provide a method for the selection of the immediate successor of a judicial officer whose definite term has expired, and the machinery provided by the Constitution and statutes has failed for the time being to produce a successor, the election result being in contest and the incumbent disqualified from the fact that he is one of the contestants. Proceeding, the court said there is ample authority constitutional and statutory for the appointment of judges in cases of absence, incompetency, and sickness, and the act involved deals with a like emergency.

In the case of *Graham* v. *England,* the right only of the temporary appointee to compensation was involved. The court did not consider, construe, and apply the act beyond the peculiar facts of that case. The act reads:

"Section 1. Be it enacted by the general assembly of the State of Tennessee, that the Governor be, and is hereby authorized to appoint a temporary judge, chancellor or attorney-general in all cases where a contest has arisen, or may hereafter arise, in the election of any of said officers; and that they hold said offices and have all the powers and jurisdiction pertaining to the offices to which they are respectively appointed until the contest is judicially determined and the regularly elected officers duly qualified and commissioned; and that they be, and are hereby clothed with the same power, and shall receive the same compensation as is allowed said officers in other cases, to be paid out of the state treasury upon a warrant of the comptroller."

It must be read and considered in view of the objects designed and the purpose intended by the legislature, for the intention of the legislature is controlling. The object of the legislature was to require the appointment of a temporary judge to preside in the State courts while the judge otherwise authorized to hold over is rendered incompetent in consequence of his involvement in a litigated contest over the office. It would seem that, if the incumbent is not engaged in the contest and not interested in the result of it, the temporary appointment is unauthorized. But, aside from this proposition, the act applies alone to judges, chancellors, attorneys-general, all State officers, whose qualifications are affected through

involvement in a contest over the succession, and whose compensation is paid from the State treasury.

County judges are in a strict sense county officers, serving the county for the most part in an administrative capacity, and they receive all their compensation from the county. Inasmuch as the act expressly provides for the temporary appointment of judges and chancellors whose salaries are paid out of the State treasury, the authority to appoint a temporary judge pending a contest is confined to judges who are strictly State officers, and whose compensation is paid by the State, and the act does not extend the power to the Governor to appoint a temporary county judge pending a contest over the office of county judge.

The reasons referred to in *Graham* v. *England,* as disqualifying a circuit judge engaged in a contest over the office, do not apply to county judges, and in our opinion, looking to the object clearly intended and by reference to the context, the act was not intended to include county judges.

It follows that the decree of the chancellor is affirmed to the extent of holding that the appointment under the act was illegal, and that the complainant may maintain the action without the intervention of the attorney-general, and that Mr. Gower, temporary appointee, had no colorable claim to the office.