Jones, J.
 

 These two cases, presenting similar questions, were argued together. In each case the relator instituted an action in
 
 quo warranto
 
 in this court, one seeking to oust the defendant Speak from his office as judge of the municipal court of Warren, the other to oust the defendant Griffen from his office as judge of the municipal court of Niles. Each case was heard in this court upon demurrer to the petition, thus challenging the constitutionality and effectiveness of the legislative acts creating the municipal courts of Warren and Niles. The provisions of the two acts are identical, and present the same legal question for our determination,
 

 The defendants, Ralph R. Speak and W. W. Gif
 
 *638
 
 fen, were elected judges of the municipal courts of Warren and Niles, respectively, at the regular municipal election in 1931, for a term of office taking effect January 1, 1932. Each received a certificate of election purporting to certify his election as municipal judge for a term of six years from and after January 1, 1932, and each of them qualified and entered upon the discharge of the duties of his office.
 

 The relator asserts in his petition that the Municipal Court Acts creating said office are unconstitutional and void in that the provisions place an undue and greater burden for the support of the municipal court on the taxpayers of the city than is placed upon taxpayers residing in other portions of the district comprising the territory of the court, and particularly impose a greater burden upon the municipal taxpayers than is imposed upon the taxpayers of Trumbull county as a whole, thereby denying the city taxpayers the equal protection of the laws because of such lack of uniformity in taxation, in violation of the Federal and State Constitutions. This contention is fully met and answered in the case of
 
 State, ex rel. Ramey,
 
 v.
 
 Davis,
 
 119 Ohio St., 596, 165 N. E., 298, and it is needless to pursue that question further.
 

 However, a much more serious question is presented by the demurrers. It is contended by counsel for the relator that the failure of the General Assembly, in the Municipal Acts for Warren and Niles, to fix a definite term for the judges of the municipal •courts in those cities, renders the legislation unconstitutional and wholly inoperative to give the respondents title to their office.
 

 In so far as is pertinent to these cases, General
 
 *639
 
 Code Sections 1579-1466 and 1579-1292, of the Warren and Niles Acts, respectively, have the following identical provisions: “He [the municipal judge] shall be elected by the electors of the territory of the court in the manner provided by law for the election of judges. The first election shall be held at the regular municipal election in the year 1931. The term of office of the municipal judge shall commence on the first day of January next after his election and he shall hold office until his successor is elected and qualified.” It will be noted that the Legislature, perhaps by oversight, neglected to fix any time constituting their term of office. Such being the case, it is the contention of the relator that, since the statutory provisions fail in each instance to specify the term for which the judge of the municipal court shall be elected and hold his office, such failure renders such provisions void within the meaning of Section 2, Article XVII of the Ohio Constitution; or, as claimed by counsel for the relator in their brief, the failure of the General Assembly to fix the term of the judge of the municipal court renders the act inoperative.
 

 Section 1 of Article XVII of the Constitution provides that the election of state and county officers shall be held in the even-numbered years and the elections for other elective officers in the odd-numbered years. Section 2 of the same article, after stipulating the length of the terms of office of the judges of the Supreme Court, circuit courts, common pleas courts and probate courts, provides that the term
 
 “of other Judges shall be such even number of years not exceeding six (6) years as may be prescribed by the General Assembly.”
 

 
 *640
 
 The questions for determination are: (1) Whether, because of the legislative failure to fix the term, the Municipal Acts in that respect become inoperative and the creation of the office falls
 
 ex proprio vigore;
 
 (2) if the office exists, how long may the elected judge lawfully retain it; what is his tenure ?
 

 Inasmuch as the quoted portion of the Constitution authorized the legislation creating the office and fixing the time of election in the odd-numbered years, and since in pursuance of that authority the Legislature did provide that these judges should be elected at the municipal election in 1931 for a term beginning the 1st day of January next after their election and should hold office until their successors are elected and qualified, we are of opinion that in those respects the Constitution was complied with, that the office of municipal judge was lawfully created, and that the defendants were lawfully elected to office. Such being the case, the next question presented is: Having title to the office, how long may the elected municipal judge retain it? Had the Legislature fixed a maximum term of the office, exceeding that fixed by the Constitution, the legislative authority so exercised would be in conflict with the' Constitution and to' such extent as to render the term void. Several cases were cited by counsel for the relator in support of that principle. In view of the constitutional provision giving the General Assembly power to fix these terms at two, four or six years, we are unable to see any legislative purpose or intent in fixing the term at six years rather than at a lesser number of even-numbered years.
 

 Counsel for the respondent judges argüe that, even if no definite term has been fixed by the-Legis
 
 *641
 
 lature for the present incumbents, there is an implication in other , sections of the Municipal Acts, which, in case of doubt or ambiguity, should be construed as giving to each of them a definite six-year term; and this view was supported in an opinion given by the Attorney General. In support of that argument they rely upon the following provisions which are contained in both acts: “He [the municipal judge] shall be elected by the electors of the territory of the court in the manner provided by law for the election of judges.” Sections 1579-1292 and 1579-1466, General Code. And again, upon the following: “The law regulating the appointment, election, removal and disability of common pleas judges shall apply to the judge of the municipal court in so far as the same may be applicable and except as otherwise herein provided.” Sections 1579-1294 and 1579-1468, General Code. It will be noted that those provisions do not purport, even impliedly, to legislate with reference to the judicial term; those provisions merely regulate the method of election so far as the law relating to the election of common pleas judges. applies to judges of the municipal court; they contain no hint and express no legislative intent that these judges of an inferior court should have a tenure equal to that of the court of common pleas.
 

 "Were we to enter the field of ambiguity, attention might be called to the fact that at the same session of the Legislature, and upon the same day, five Municipal Judge Acts were passed for five different cities, each of which became effective on August 3, 1931. Those cities were Gallipolis, Fostoria, Lima, Warren and Niles. As heretofore stated, for the
 
 *642
 
 cities of Warren and Niles no term was fixed for their municipal judges; for Gallipolis, Fostoria and Lima the General Assembly fixed the term definitely at four years. We fail to see any force in the argument that the Legislature intended, by implication, to grant the Warren and Niles judges on the same day longer terms than it had expressly given to the other three cities.
 

 Since it is conceded that no specific term has been fixed by law for these incumbents, their claim to any tenure can only be based upon doubtful language and ambiguities employed in the various provisions of the Municipal Acts of Warren and Niles. Since the Legislature evidently intended that these incumbents should enjoy some term, the settled rule of law we think is that they should be given the shortest term which the Constitution allows. “Other considerations being equal, that construction of a doubtful provision of a statute or a constitution will be followed, which limits the term of the office to the shortest time.” Throop’s Public Officers, Section 308; Mechem’s Public Offices and Officers, Section 390. In support of those texts the case of
 
 Wright
 
 v.
 
 Adams,
 
 45 Tex., 134, is cited, where the fourth proposition of the syllabus reads as follows: “When the duration or term of an office which is filled by popular election is a question of doubt or uncertainty, that interpretation should be followed which limits such office to the shortest time. ’ ’ That is also the rule applied in
 
 People, ex rel. Eldred,
 
 v.
 
 Palmer, Secy. of State,
 
 154 N. Y., 133, 47 N. E., 1084. The provisions of the New York Constitution are very similar to our own. Section 1, Article X, of its Constitution, provides that an officer (in that case the
 
 *643
 
 district attorney) “shall be cliosen by the electors once in every two or four years as the Legislature shall direct;” and Section 3, Article XII, provides that the election ‘ ‘ shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year.” ' It appeared that the New York legislative session of 1895 was allowed to pass without any statutory enactment fixing the term of the district attorney, and, when he was elected in the fall of that year, “there was no legislative enactment in force prescribing the duration of the term.” In his opinion, calling attention to Article X, Section 1 of the New York Constitution, the Chief Justice said: “The clear import of the language is that the direction of the legislature fixing the term shall precede the choice to be made. The officers are to be ‘chosen’ by the electors for one of two periods, not for an indefinite period to be subsequently defined by the legislature. It would be contrary to all precedent that the electors should not be advised before casting their votes of the duration of the term of the officers to be elected.” And again: “We are of opinion that, until the legislature acted, the term * * * must be deemed to be two years, which, as to future cases, may be extended to four years if the legislature shall so prescribe. The legislature had the option to prescribe either one or the other of the two periods. But not having exercised it, the minimum period should be taken as the duration of the term. ’ ’
 

 While those provisions of the Municipal Act relating to the creation of the office, the election thereto, and a definite time for beginning the term, are constitutionally valid, and the Municipal Acts may be
 
 *644
 
 sustained so far as they give the judges some tenure, we are of the opinion that such tenure must be limited to the shortest time which the Legislature was empowered to fix under our Constitution — that time being not six but two years from the beginning of the term, namely, two years from the 1st day of January, 1932. This will afford ample opportunity for the next Legislature, if it deems best, to cure the situation which it so unhappily brought about.
 

 For the reasons stated, the demurrers to the two separate petitions of the relator will be sustained, 'and the-writs of ouster asked for will be denied.
 

 Writs denied.
 

 Marshall, C. J., Allen and Stephenson, JJ., concur.
 

 Matthias and Day, JJ., concur in the judgment, but dissent from the two-year term limitation.