STATE OF NEBRASKA, EX REL. CLARKE GAPEN, V. A. B. SOMERS.

[FILED OCTOBER 5, 1892.]

1. **Cities of Metropolitan Class**: COMMISSIONER OF HEALTH: AUTHORITY OF MAYOR TO REMOVE. A commissioner of health for a city of the metropolitan class is to be appointed by the mayor and approved by the council, and " shall hold office for a term of two years, * * * unless sooner removed." In 1889 the statute was amended so as to read "All officers appointed by the mayor and confirmed by the council shall hold the office to which they may be appointed until the end of the mayor's term of office and until their successors are appointed and qualified, unless sooner removed or the ordinance creating the office shall be repealed, except as otherwise provided in section 104," and in 1891 the statute was amended to provide that the mayor, on the second Tuesday in January after his election, is required to appoint certain officers, which provision seems to include the commissioner of health. *Held*, Construing these provisions together, that the mayor had authority at the time stated to remove the commissioner, without having made charges, and appoint one in his place.

2. ———: ———: ———. Where the statute authorizing the appointment contains a reservation of the right of removal without preferring charges, and this power is exercised by the removal of the incumbent and the appointment of another in his stead, the right of the former to the office will cease.

3. ———: ———: TERM OF OFFICE: POWER TO REMOVE RETAINED: PREFERRING CHARGES NOT NECESSARY. Where a person is appointed to an office for a definite period and there is a provision that to obtain his removal charges must be preferred against him, he cannot be removed unless such charges

are made; but this rule does not apply to a case where the power of removal is retained and no charges are required.

4. ——: ——: LAW GOVERNING REMOVAL OF OFFICERS FOR FIXED TERM DOES NOT APPLY. Section 172 of the act in relation to metropolitan cities does not apply to the officers of the class last named.

ORIGINAL proceeding in nature of *quo warranto*.

*William D. Beckett*, and *Gurley & Marple*, for relator.

*W. J. Connell*, *contra*.

MAXWELL, CH. J.

This action is brought by the relator to oust the defendant from the office of commissioner of health for the city of Omaha and to install the relator therein. The relator was appointed to the office on the 28th of April, 1891.

It appears from the record that at the election for mayor of said city in the fall of 1891 George P. Bemis was elected mayor thereof and entered upon the duties of said office on the 5th day of January, 1892; the mayor removed the relator from said office and appointed the defendant to the position, who thereupon entered upon the duties of his office and has ever since exercised the same.

It is claimed on behalf of the relator that the mayor does not possess the power to remove the commissioner of health, and that therefore his action in the premises is unauthorized and void. Section 30, chapter 12a, Compiled Statutes, relating to cities of the metropolitan class, so far as it applies to the appointment of commissioner, is as follows: "Said commissioner of health shall be appointed by the mayor, subject to the approval of a majority of the council; shall hold office for a term of two years from date of appointment, unless sooner removed or retired."

Section 104 provides for a board of public works "which shall consist of three members, residents of such city, to be appointed by the mayor by and with the consent of the

council before the first Monday of July, 1887, for the term of one, two, and three years respectively, the term of office of each to be designated by the mayor; and annually thereafter there shall be appointed, as hereinbefore provided, one member, whose term of office shall be three years."

The statute also provides for removing any of such officers by the city council upon charges being preferred, the party accused to be served with a copy.

Section 143, as amended in 1891, is as follows: "Upon the second Tuesday after the election in 1887, and on the second Tuesday in January after each general city election, the mayor, subject to confirmation by the city council, shall appoint the following officers, to-wit: A city engineer, a city attorney, an assistant city attorney, a city prosecutor, a street commissioner, an inspector of buildings, a boiler inspector, and such other appointive officers as may be authorized herein or specially provided for by ordinance. It shall require a majority of all the members of the council to confirm each of said appointments. Upon the failure or refusal of the council to confirm any of said appointments, it shall be the duty of the mayor, on the first Tuesday of each month thereafter, to make other appointments for such offices if the appointees thereto be not confirmed, and to so continue until approved by the council."

Section 144 provides: "All officers appointed by the mayor and confirmed by the council shall hold the office to which they may be appointed until the end of the mayor's term of office and until their successors are appointed and qualified, unless sooner removed, or the ordinance creating the office shall be repealed, except as otherwise provided in section 104."

We find no reference to sections 143 and 144 in the brief of the attorneys for the relator. One of these sections was amended in 1889 and the other at the last session of the legislature.

An examination of the several sections of the act shows that certain officers, like the board of public works, consisting of three members, are appointed for one, two, and three years, and there is a provision for filing specific charges against each of the members of such board and removing the person adjudged to be guilty. Where an office is held in that way, there can be no removal except for cause. Where, however, the right of removal is reserved in the appointing power without the necessity of making charges, it may be exercised in the discretion of the appointing power, even before the expiration of the term. This principle is recognized in *State, ex rel. Carter, v. Board of Public Lands and Buildings*, 7 Neb., 42.

Sections 143 and 144, above copied, relate alone to officers whose terms expire with that of the mayor or those removable at pleasure without preferring charges.

In the late case of *State v. Smith*, 35 Neb., 13, the parties held for a definite period which had not elapsed, and there was a provision that in order to remove any of the members of the board it was necessary to prefer charges against them, and it was held that a removal of such officers without such charges having been made was unauthorized. That, we think, is a correct statement of the law; but it does not apply to this case, as the right of removal is impliedly retained in the hands of the mayor. We are referred to section 172, which is as follows: "The power to remove from his office the mayor or any councilman or other officer mentioned in this act in any city of the metropolitan class, for good and sufficient cause, is hereby conferred upon the district court for the county in which such city is situated, and whenever any two of the city councilmen shall make and file with the clerk of said court the proper charges and specifications against the mayor, alleging and showing that he is guilty of malfeasance or misfeasance as such officer, or that he is incompetent or neglects any of his duties as mayor, or that for any

other good and sufficient cause stated he should be removed from his office as mayor, or whenever the mayor shall make and file with the clerk of said court the proper charges and specifications against any councilman or other officer mentioned in this act, alleging and showing that he is guilty of malfeasance or misfeasance in such office, or that he is incompetent, or neglects any of his duties, or that for any other good and sufficient cause stated he should be removed from his office, the judge of such court may issue the proper writ requiring such officer to appear before him, on a day therein named, not more than ten days after the service of such writ, together with a copy of such charges and specifications upon such officer, to show cause why he should not be removed from his office. The proceedings in such case shall take precedence of all civil causes and be conducted according to the rules of such court in such cases made and provided, and such officer may be suspended from the duties of his office during the pendency of such proceedings by order of said court."

This section applies to those officers who hold for definite terms and can be removed only by proceedings against them. As to several of such officers its provisions are cumulative, that is, provides an additional tribunal for the determination of the rights of the parties, but does not include cases of the kind here involved. The writ must be denied and the action

DISMISSED.

THE other judges concur.