### In re BATEY.

(Supreme Court, Appellate Division, First Department. June 17, 1898.)

1. JUSTICE COURT—TERMS OF OFFICERS.
     Sections 1373 and 1384 of the Greater New York charter, when read together, provide, in substance, that where an officer of the district and justices' courts had a fixed term of office he should continue in like capacity until the expiration of such fixed term, but where he had no fixed term of office he continued in office until January 31, 1898, and his tenure then expired.

2. SAME.
     Section 1373 of the Greater New York charter continues in office certain officials of the district and justices' courts until the expiration of their respective terms, but does not include the case of an attendant appointed to hold office at the pleasure of the appointing power.

Appeal from special term.

Application of Joseph H. Batey for a peremptory writ of mandamus. From an order denying the same, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and INGRAHAM, JJ.

James W. Hawes, for appellant.

Theodore Connoly, for respondent.

PER CURIAM. Mr. Justice CHASE, in determining this case, delivered the following opinion:

"Subject only to the restrictions of the constitution, the legislature may abolish an office or shorten or lengthen the term thereof. Koch v. City of New York, 152 N. Y. 72, 46 N. E. 170. The legislature intended by the Greater New York charter to fix the tenure of office of the justices of the district and

justices' courts in the territory now comprising the city of New York, and also that of all the clerks, assistant clerks, stenographers, interpreters, and attendants thereof. The act expressly provides that the justices of the district court of the city of New York and the justices of the peace in the First, Second, and Third districts of the city of Brooklyn shall continue in office for the remainder of the terms for which they were elected or appointed. It provides for the election of their successors, and also for the appointment of additional justices. Section 1373, Greater New York Charter, expressly provides: 'The clerks, assistant clerks, stenographers, interpreters and attendants of the district courts in the city of New York and of the justices' courts of First, Second, and Third districts of the city of Brooklyn who shall be in office on the first day of January, eighteen hundred and ninety-eight, shall continue until the expiration of their respective terms in the like capacities as officers of the said municipal court.' This provision does not include the relator. The word 'term,' when used with reference to the tenure of office, ordinarily refers to a fixed, definite time, and does not apply to appointive offices held at the pleasure of the appointing power. 19 Am. & Eng. Enc. Law, p. 562k. It is contended by the corporation counsel that the term of office of the relator expired on the 31st day of December, 1897, with the term of office of the justice appointing him. If the term of office of the relator did not expire on the 31st day of December, 1897, it expired on the 31st day of January, 1898, by virtue of section 1384 of the Greater New York charter, which provides: 'Until midnight of said 31st day of January, 1898, the district courts and justices' courts, and the justices, clerks, assistant clerks, attendants, stenographers, interpreters and other employés thereof in any and all portions of the territory included within the city of New York, as constituted by this act, shall continue to perform all the duties and exercise all the powers which may be by law imposed on or vested in them on the 31st day of December, 1897.' Section 1373 must be read with section 1384, and, reading them together, they say, in substance, that where an officer has a fixed term of office, such officer shall continue in like capacity until the expiration of such fixed term; but, where an officer has no fixed term of office, he continues in office, by virtue of section 1384, until the 31st day of January, 1898, and his tenure of office then expires."

In accordance with the views therein expressed, the order appealed from should be affirmed, with $10 costs and disbursements.