### THE CITY OF MT. VERNON

### v.

### THE EVENS & HOWARD FIRE BRICK COMPANY.

*Opinion filed October 21, 1903.*

1. CONSTITUTIONAL LAW—*whether a general law can be made applicable is a legislative question.* Whether a general law can be made applicable in any case in which local or special legislation is not expressly prohibited is a question committed to the discretion of the legislature, and its conclusion is not subject to review.

2. SAME—*statute operative in particular locality may be general.* An act which is restricted in its operation to a particular county is not, for that reason alone, necessarily a local or special law.

3. SAME—*legislature may provide for terms of court in each county by separate enactment.* Under section 14 of article 6 of the constitution the legislature may fix the terms of court in each county by a separate enactment applicable to a single county.

4. COURTS—*act of May 9, 1903, was repealed by act of May 15, 1903.* The act of May 15, 1903, (Laws of 1903, p. 144,) fixing the terms of circuit court in Jefferson county, supersedes and repeals, by implication, the act of May 9, 1903, (Laws of 1903, p. 145,) fixing the terms of the same court at different times.

APPEAL from the Circuit Court of Jefferson county; the Hon. P. A. PEARCE, Judge, presiding.

GEORGE H. STEIN, and WILLIAM C. BLAIR, for appellant.

ALBERT WATSON, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

In this an action of assumpsit, instituted in the circuit court of Jefferson county by the appellee company against the appellant city, judgment in the sum of $42.50 and costs of the suit was entered against the city at a term of the circuit court begun and holden in said county of Jefferson on the second Monday in the month of July, 1903. This appeal, prosecuted to reverse that judgment, presents for determination but a single question, which

is, whether an act of the General Assembly approved May 15, 1903, (Laws of 1903, p. 144,) purporting to fix the times for holding a term of the said circuit court in the said county of Jefferson on said second Monday of July in each year, and also on the second Monday in the months of January, April and October in each year, is a valid enactment. The act is as follows:

"An act to fix the time of holding the circuit courts in the county of Jefferson.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That the circuit court shall, after the taking effect of this act, be held in the county of Jefferson, as follows: On the second Monday of January, the second Monday of April, the second Monday of July and the second Monday of October in each year: *Provided,* there shall be no jurors summoned for the July terms of court in said county unless by special order of the judge of said court."

The insistence of the appellant city is, the act is a local or special law, and for that reason void.

Section 22 of article 4 of the constitution of 1870 provides the General Assembly shall not adopt a local or special statute in certain specified cases enumerated in the section. The time for holding terms of the circuit courts in the different counties of the State is not among such specified cases or enumerated subjects, but the section further provides that the General Assembly shall pass no local or special laws in any cases, other than those specified, where a general law can be made applicable, and the argument is, a general law could have been made applicable, and that hence the act under consideration should be declared invalid. Whether a general law can be made applicable in any case in which local or special legislation is not expressly prohibited is a question committed to the judgment and discretion of the General Assembly, and the conclusion reached by the law-making body is not subject to be reviewed by this

court. (*Owners of Lands* v. *People*, 113 Ill. 296.) However, the mere fact the act is restricted in its operation to the county of Jefferson does not, necessarily, determine that it is a special enactment. A statute may be general and yet be operative only in a particular locality. (*West Chicago Park Comrs.* v. *McMullen*, 134 Ill. 170.) Section 14 of article 6 of the constitution of 1870 provides, to quote therefrom: "The General Assembly shall provide for the times of holding court in each county, which shall not be changed, except by the General Assembly next preceding the general election for judges of said courts." Under this constitutional provision it is clearly within the legislative province to provide for the time of holding court "in each county" by a separate enactment applicable to a single county. The act in question was adopted by the General Assembly next preceding the general election for judges of the circuit courts in all of the circuits of the State. A prior statute, adopted May 9, 1903, provided for the holding of terms of the circuit court in Jefferson county at different times than as fixed by the later enactment. The later act is not amendatory of the former, but revises the whole subject of the prior act, and is within itself a complete, independent and original act. It was clearly the legislative intent the later act should be a substitute for the prior one. It operated to repeal the prior act, although express words of repeal are not employed, and constitutes the subsisting legislation relative to the times of holding the different terms of circuit court in Jefferson county. *People* v. *Board of Education*, 166 Ill. 388; *Culver* v. *Third Nat. Bank*, 64 id. 528.

The judgment is affirmed.    *Judgment affirmed.*