(52 Misc. Rep. 302)

### SEELEY v. FRANCHOT, Superintendent of Public Works.

(Supreme Court, Special Term, Erie County.　December, 1906.)

OFFICERS—REMOVAL—STATUTORY RESTRICTIONS.

 Const. art. 5, § 9, providing that all appointments in the civil service of the state shall be made according to merit, ascertained by a competitive examination, does not limit section 3, providing that subordinates under the superintendent of public works "shall be subject to suspension and removal by him," and the superintendent may dismiss an honorably discharged soldier occupying a subordinate position under, him, without presenting charges and holding a hearing thereon, notwithstanding Civil Service Law, Laws 1899, p. 809, c. 370, § 21, providing that no person holding a position in the civil service of the state, who is an honorably discharged soldier, shall be removed, except after a hearing on charges.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Officers, § 97.]

In the matter of the application of Frank B. Seeley for a writ of mandamus against Nicholas V. V. Franchot, superintendent of public works of the state of New York.　Motion for mandamus denied.

Irving L'Hommedieu, for relator.
George E. Pierce, for respondent.

WHEELER, J.　The relator held the position of superintendent of repairs on section 10 of the Erie Canal.　On the 20th day of December, 1906, he was dismissed from that position by orders of the state superintendent of public works.　His dismissal was made without charges or a hearing; and, being an honorably discharged soldier of the War of the Rebellion, he now asks for a peremptory writ of mandamus reinstating him in his former position, upon the ground that such dismissal was in violation of the provisions of section 21 of the state civil service statute (Laws 1899, p. 809, c. 370) which provides as follows:

"No person holding a position by appointment or employment in the state of New York, or in the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the War of the Rebellion, * * * shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, and with the right of such employé or appointee to a review by a writ of certiorari."

The superintendent of public works insists that the relator's dismissal was lawfully made, and sanctioned by the authority conferred upon him by section 3 of article 5 of the state Constitution which reads as follows:

"A superintendent of public works shall be appointed by the Governor. * * * The superintendent of public works shall appoint not more than three assistant superintendents, whose duties shall be prescribed by him, subject to modification by the Legislature. * * * All other persons employed in the care and management of the canals, except collector of tolls and those in the department of the state engineer and surveyor, shall be appointed by the superintendent of public works and shall be subject to suspension and removal by him."

The superintendent of public works contends that the clause of the Constitution giving him authority of "suspension and removal" of appointees in the canal department of the public service of the state can-

not be abridged by any legislative enactment limiting this power of removal. The identical language above quoted from the present Constitution, adopted in 1894, was also embodied in the state Constitution as it existed prior to 1894; and the power and authority thus conferred, as it existed prior to 1894, was the subject of judicial interpretation by the Court of Appeals in the case of People ex rel. Killeen v. Angle, 109 N. Y. 564, 17 N. E. 413. In that case the right of the superintendent of public works to make appointments regardless of the then existing civil service statute, requiring appointments to be made from eligible lists prepared after competitive examinations, was involved and the subject of judicial discussion. The court in the Angle Case held that the civil service statute did not apply to appointments in the canal department of the state, and could not deprive the superintendent of his constitutional right to make such appointments in that branch of the public service independent of the civil service law. In its opinion the court, after reviewing the history of the clause in question, said:

"It was plainly intended thereby to leave to the superintendent exclusively the determination of the propriety of such appointments and the sufficiency of the qualifications possessed by proposed appointees, and to hold him responsible for the faithful exercise of his intelligence, judgment, and discretion in the performance of that duty. The broad grant of power excludes the idea that it was intended that he should be hampered, restricted, or regulated in its exercise by any extraneous authority whatever, except as might be authorized by other constitutional limitations expressly applicable thereto." 109 N. Y. 570, 17 N. E. 415.

The particular question then up for decision was the right to make appointments independent of the civil service statute, but what was said and decided applied with equal force to suspensions and removals; for the language of the Constitution giving the right of removal was quite as explicit as that giving the right of appointment. The court therefore held that under the Constitution as it was worded prior to 1894 the superintendent of public works had the right to appoint at will.

The relator in this case concedes such was the law prior to the adoption of the present Constitution, but contends that the Constitution of 1894 has so modified and changed the powers and rights of the superintendent in that regard that he can no longer appoint or remove subordinates as he could prior to 1894. The language of the present Constitution touching the powers of the superintendent are exactly the same; but in the Constitution of 1894 is added the so-called civil service clause, reading as follows:

"Appointments and promotions in the civil service of the state, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, that honorably discharged soldiers and sailors from the army and navy of the United States in the late Civil War, who are citizens and residents of the state, shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

It is urged by the relator's counsel that under the present Constitution, owing to this added clause, the superintendent can no longer appoint at will, regardless of competitive tests, nor remove veterans of

the late war in violation of section 21 of the Civil Service Statute. So far as the matter of appointments is concerned the contention is correct, and has been so judicially determined by the Court of Appeals in the case of People ex rel. McClelland v. Roberts, 148 N. Y. 367, 42 N. E. 1082, 31 L. R. A. 399, holding that all the different parts and clauses of the Constitution must be read together, and that it was the clear intent of the people, in adopting the present Constitution, to embody in the fundamental law of the state the principle of merit and fitness, to be ascertained as far as practicable by examinations of applicants for positions in the public service, and also giving to honorably discharged soldiers and sailors of the late war preference in appointment.

A study of the civil service article of the Constitution discloses, however, that this article relates entirely to the matter of appointment to the public service. It does not assume to deal at all with the subject of suspensions or removals. It relates entirely to the matter of entrance into the service and is silent as to suspensions or dismissals from that service. It in no way provides for or guaranties the continued retention of veterans or of any other class of persons in that service. It is manifest, therefore, that when the two clauses of the Constitution are read and construed together there is nothing in the civil service clause abridging or limiting the right and authority expressly given by the other clauses to the superintendent of public works to suspend and dismiss his subordinates. Any judicial construction of that clause which denies to the superintendent that right, even in the case of veterans, would render nugatory and meaningless an authority given in plain and express terms. The courts must assume that, when the people gave to the superintendent power of "suspension and removal" of his appointees, the language was employed intelligently and for a purpose; otherwise there was no occasion for inserting the words at all in the fundamental law.

There is nothing to be found in any decided case in conflict with this view. On the contrary, the cases are in harmony with it, particularly the opinion of the court in the case of People v. Angle, 109 N. Y. 564, 17 N. E. 413, the force of which case is superseded only by virtue of the present Constitution so far as the matter of appointments is concerned, but not as to dismissals. The law of that case, so far as dismissals by the superintendent of public works is concerned, must be deemed the law of this case; and we are constrained to hold that, owing to the peculiar wording of the state Constitution so far as it relates to the department of canals, the superintendent of public works is given an express power of suspension and removal not enjoyed by other executive heads of the state government. It follows that section 21 of the civil service statute, providing that honorably discharged soldiers and sailors shall not be discharged from the public service except for incompetency or misconduct, and only upon charges and after a hearing, is in conflict with the provisions of the Constitution so far as it relates to subordinates in the canal department, and therefore cannot operate to abridge the powers of the superintendent of public works to remove them.

The statute in question declares no veteran shall be removed, "except for incompetency or misconduct shown after a hearing." Consequently, if this provision should be enforced, a veteran could never be dismissed so long as he faithfully discharged the duties of his position, which is in direct conflict with the express declaration of the Constitution. It is not for this court to discuss the wisdom of the special constitutional provision which exempts the canal department from the operation of a statute applicable to all other departments of state and municipal governments. Courts can only declare the law as they find it to exist.

Relator's counsel cites to the court, and relies largely upon, the case of Matter of Stutzbach v. Coler, 168 N. Y. 422, 61 N. E. 697, to sustain his contentions in this case; but that case, on the contrary, if anything, militates against it. The Court of Appeals there holds that the civil service clause of the Constitution relates only to appointments, and not to dismissals, and that, although the Legislature cannot enact laws repugnant to its provisions, it may legislate further in the direction of protecting veterans in holding official positions if it shall deem it wise to do so. The Court of Appeals held in the Coler Case that there was nothing to sustain the contention that, in so far as the statute extended preference to veterans beyond that accorded to them by the Constitution, it was for that reason void; that, although the constitutional provision related only to appointments, and not to dismissals, nevertheless the Legislature might legislate further in the direction of protecting veterans in holding their official positions, provided such legislation is not repugnant to any express provision of the Constitution. There is nothing in that case, however, which determines the question whether the statute under discussion is repugnant to the provisions of the Constitution giving special powers of removal to the superintendent of public works. It does, on the other hand, decide that the civil service clause of the Constitution in and of itself is no guaranty against removals.

The view we have taken of this case makes it unnecessary for the court to pass upon the other questions suggested by counsel for the respondent, wherein he urges that the position of superintendent of repairs, formerly filled by the relator, is not one of the positions protected by section 21 of the civil service.

For the reasons stated, the motion for a mandamus is denied, with $10 costs.