ROBINSON *v.* HARMON.[1]

1. STATUTES—CONSTITUTIONALITY—TITLE.
   Section 6234, 2 Comp. Laws, regulating the transportation of freight and fixing a maximum charge, is constitutional as amended, the purpose being sufficiently expressed in its title.

2. SAME—CERTAINTY—RAILROADS.
   The provision that in transporting freight by the car, the rate should not exceed the amount fixed, is not void for uncertainty, since the phrase "by the car" does not refer to the transportation of cars, but to freight in car load lots, and the fact that a car load is not a fixed quantity creates no uncertainty.

3. SAME—REASONABLENESS OF RATES—FRANCHISE.
   The railroad company, of whose franchise and property the defendant is receiver, cannot complain of the reasonableness of rates fixed by a statute to which its franchise was subject when granted.

Error to Berrien; Coolidge, J. Submitted June 15, 1908. (Docket No. 11.) Decided September 15, 1908. Rehearing denied December 21, 1908.

Assumpsit by John Robinson against Judson Harmon, receiver of the Pere Marquette Railroad Company for certain overcharges for the transportation of freight. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Stevens, McPherson & Bills* (*Victor M. Gore,* of counsel), for appellant.

*G. M. Valentine* and *E. B. Valentine,* for appellee.

*John E. Bird,* Attorney General, and *George S. Law,* Assistant Attorney General, *amici curiæ.*

[1] This opinion was withheld from publication pending the rehearing in *Robinson* v. *Harmon, post,* 272, 276 (117 N. W. 664, 122 N. W. 106).

McALVAY, J.    Plaintiff brought suit against defendant receiver to recover what was claimed by him to be an overcharge for freight, demanded of plaintiff and paid by him to defendant for transporting certain car loads of freight between different points in this State upon the line of the Pere Marquette Railroad Company, of which defendant was receiver, contrary to the provisions of subdivision 7, section 6234, 2 Comp. Laws.    Plaintiff recovered a judgment in the justice's court, where the suit was brought.    Defendant appealed to the circuit court for Berrien county, where the court instructed a verdict for plaintiff.    Defendant brings the case to this court by writ of error.

It is agreed that the amount of the judgment recovered is the correct amount, provided plaintiff is entitled to a judgment in his favor.    The statute relied upon by plaintiff for a recovery is a subdivision of an important section of the general railroad laws of the State.    The section deals with the general powers of railroad corporations, and liabilities and restrictions to which they are subject. Such general powers are granted, and such liabilities and restrictions are imposed, under nine subdivisions of section 9 of article 2, entitled, "Corporate Powers and Duties of Directors," of our general laws relative to the incorporation of railroad companies.    Subdivision 7 of this section is the one before us for consideration.    The part material to this case reads:

"(6234) SEC. 9.    Every such corporation shall possess the general powers and be subject to the liabilities and restrictions following; that is to say: * * * *Seventh.* To take, transport, carry, and convey persons and property on their said road, or through such tunnel, by the force and power of steam, animals, or any mechanical power, or by any combination of them, and to receive tolls and compensation therefor: *Provided,* That in transporting freight by the car, loaded by the shipper, and unloaded by the consignee, no railroad company shall charge for transporting each of said cars more than eight dollars for any distance not exceeding ten miles, nor more than

fifty cents per mile for the second ten miles, nor more than twenty-five cents per mile for the third ten miles; and for distances exceeding thirty miles, in no case shall the charge between any two points on the said railroad exceed the minimum charge on the entire line. This provision shall not apply to the upper peninsula, nor to any company operating less than fifteen miles of railroad."

It is contended by the appellant that this rate-making statute is unconstitutional, unreasonable, and uncertain. The attack is not directed against the power of the legislature to regulate freight charges within this State. Such power is admitted.

1. The first contention is that this statute was not enacted constitutionally. The general railroad laws of the State were revised by Act No. 198 of the Laws of 1873. This act has from that time remained upon our statutes as the foundation of our general railroad legislation. Article 2 of this revision was entitled as in the present law, and also contained section 9, with its nine subdivisions. This section 9 was first amended by Act No. 177, Pub. Acts 1877. This is the amendment which is claimed to have been invalid, as far as the seventh subdivision is concerned, for the reason that it was not included in the title of the act. This section was again amended by Act No. 116, Pub. Acts 1883, when all the constitutional requirements for valid legislation were complied with. Amendments to the section were afterwards made as follows: Act No. 230, Pub. Acts 1887; Act No. 202, Pub. Acts 1889; Act No. 90, Pub. Acts 1891; Act No. 54, Pub. Acts 1907. In each case no constitutional requirement has been omitted. In none of these amendments has subdivision 7 been altered or changed since 1883, except that in 1889 the words " or through such tunnel " were added to its third line. The infirmity, if any existed in 1877, was cured by subsequent enactments.

2. It is urged that this statute is void for uncertainty. Evidently the legislative intent in enacting this statute was to provide for the transportation of freight by the car

load for shippers who would load the cars and ship the freight to consignees who would unload them. It is apparent, also, that the shipments in view were to be made for comparatively short distances, and that the rate for such transportation was to be a fixed maximum rate. This much may be gleaned from a general view of the statute. The authority of the legislature to confer powers upon corporations created by it necessarily involves the authority to regulate and restrict the exercise of such powers. The power to fix, regulate, and establish in this State rates for the transportation of freight by railroad corporations has been sustained by this court, and is admitted by defendant. It appearing that legislation has been undertaken with the intent to exercise that power, it remains for the court to determine whether such attempt at legislation has been constitutionally expressed in language clear and certain. Much time and argument has been spent to convince the court that this statute is void for uncertainty.

We are unable to find the alleged ambiguity and uncertainty claimed by defendant to be contained in this seventh subdivision in the words "freight by the car" and "each of such cars" in the following sentence:

"*Provided*, That in transporting freight by the car loaded by the shipper and unloaded by the consignee, no railroad company shall charge for transporting each of such cars more than eight dollars for any distance not exceeding ten miles."

Defendant contends that this may fairly be construed to mean "the transportation of cars independent of their contents or loads," affirming "that at the outset the statute in terms applies to the transportation of *cars.*" As usual, where a premise assumed is incorrect, the correct conclusion cannot follow. The statute at the outset does not in terms apply to the transportation of *cars*, but in terms clear and unambiguous applies to "transporting freight by the car." Counsel for defendant have overlooked the controlling word of the clause, and conse-

quently have missed its significance. It has the same meaning as if it read "freight by the car load." This is evident from the context. A familiar rule of statutory construction is that, if possible, effect will be given to every word and clause of the statute. Our construction is the application of this rule, by which no uncertainty appears. The section is dealing with freight by the car, and fixing a maximum rate of charge by the car load for transporting such freight. The record shows that all the expert witnesses of defendant, who were asked, understood that this statute fixed the rate for transporting freight by the car load.

Defendant urges that if this is the correct construction, the uncertainty still remains, by reason of the fact that a car load of freight is not a fixed quantity. If there is anything certain in the testimony in the case, it is that the practical railroad men who were defendant's witnesses established the maximum and minimum car load of freight of every class referred to. The legislature, in fix-ing these rates, necessarily took into consideration the common knowledge that freight for shipment differs in weight and bulk, that cars differ in capacity, and that the load in pounds which each car could carry with safety was fixed and certain. This statute treats of but one certain kind of rate fixing, for transporting freight by the car load, loaded by the shipper and unloaded by the consignee within the State and over the line of the receiving company only. What would constitute a car load would in each instance be determined by the article tendered for transportation, and the safe load in pounds of that article fixed by the size and strength of the car furnished. That cars differ in size, and therefore the *car load* would not be the same for all cars, is obvious, but is not for a court to attempt to equalize. Under the Constitution the legislature has been vested with authority to fix freight rates, and, having exercised that authority, there is no call, as far as this case is concerned, to question the legislative judgment.

3. Under the authorities the question of the reasonableness or unreasonableness of the statutory rate for the transportation of freight by the car is not involved in this case. The Pere Marquette Railroad Company was organized November 1, 1899, under the general railroad law of Michigan. The statute under discussion in this case (section 6234, 2 Comp. Laws), fixing the rate for transporting freight by the car, was included in the general railroad law at the time of such organization. The rule invoked, that courts will interfere to prevent the enforcement of unreasonable rates fixed by the legislature, has no application to the case at bar. It will therefore not be necessary to consider the argument of defendant, and the authorities cited in the consideration of that proposition, and the questions related to it. This railroad corporation was created subject to all the provisions of the law then in force. In *Commissioner of Railroads* v. *Railway Co.*, 130 Mich. 248 (89 N. W. 967), Mr. Justice MONTGOMERY, speaking for this court, said:

"It cannot admit of doubt that corporations formed under an existing law will not be heard to question the rates fixed by the statute. They cannot avail themselves of the provisions of the law which give them the right to do business, and disregard those provisions which are onerous. This was the view taken by this court in *Jackson & Suburban Traction Co.* v. *Commissioner of Railroads*, 128 Mich. 164 (87 N. W. 133), and has the support of authority in other jurisdictions. See 4 Thompson on Corporations, § 5257, and cases cited."

See, also, *Grand Rapids, etc., R. Co.* v. *Osborn*, 193 U. S. 17 (24 Sup. Ct. 310).

This disposes of all questions raised by the assignments of error necessary to be passed upon in the disposition of this case.

The judgment of the circuit court is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.